### JOHN HILL v. THE STATE.

No. 5449.   Decided October 15, 1919.

**Vagrancy—Evidence—Hearsay.**

Where, upon trial of vagrancy, the prosecution was permitted over the objection of the defendant to introduce hearsay evidence upon which the conviction depended, the same was reversible error.

Appeal from the City Court of the City of Texarkana. Tried below before the Hon. E. Newt Spivey, Recorder.

Appeal from a conviction of vagrancy; penalty, a fine of fifty dollars.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of vagrancy. The State's case is one mainly made up of hearsay testimony by three members of the police force. Appellant denied that he was a vagrant and testified to facts showing that he was employed and was getting for his work $2.75 a day. The three policemen testified that they had seen him around the streets occasionally, once or twice a week. In order to present the State's case some of the evidence of the witness Wyse, a policeman, is quoted. He says: "The defendant was at Lucy and Mary Black's home; we arrested him at about 1 o'clock A. M. We had four calls from white people residing on this street near this house complaining about people, both white and black, going and coming from this house at all hours of the night and that they were making considerable noise and disturbance, and that if we did not come out there and do something about it that they were going to take the matter in their own hands. All of these calls were turned into the police station the same evening between 7 o'clock and 12:30 o'clock, and this is how come us to go out there and make the arrests. We had no complaint about this defendant, or anyone in particular. I have seen the defendant several times at places where I was told that gambling was going on, but never arrested him for gambling, nor anyone else at these places. I know these women at whose house the defendant was arrested and know their reputation for chastity; their reputation is that of common prostitutes, and they have the reputation of running a house of prostitution, and each of said women have on several occasions been arrested and paid fines for being common prostitutes." He says further: "I have never seen nor heard of the defendant doing any work, and have known him for about two years, and see him on the streets every day or two. If the

defendant is working at Dierks, Arkansas, I know nothing about it. I do not know who owns the property where these two negro women live; I have never investigated it. When we went out to this house where the defendant and Mary and Lucy Black were, the shades were all drawn down and the doors were locked, and when they let us in there were three negro men and three negro women in the house.'' The other two policemen testified to the same effect. The defendant testified that he had heard what the officers stated about arresting him; that he had been in the house at the time they called about twenty minutes; that he had been to a street carnival, and went by this house on his way home and heard them talking and went in the house; that they were sitting there talking when the officers came in and arrested him; that there was nothing wrong going on while he was there; that they were all dressed except one boy who said he was sick and was in bed, that he was a married man and lived at West Third Street. The officer testified as did defendant, that they were all dressed and were talking, except this boy had gone to bed and said he was sick. Appellant further said: ''I work for the Dierks Coal & Lumber Company, Dierks, Arkansas. I have worked for them for the past two months regularly, all the time, and make $2.75 per day. I come to Texarkana every week or two to see my wife and I support her. She has been sick for some time and when I came in last Sunday evening, she asked me to stay with her for a few days. She is under treatment of the doctor; that he intended to spend that week with her.'' This is the substance of the case.

There are several bills of exception reserved to the ruling of the court admitting testimony, and various objections urged. Illustrative of these, we take the first bill, which recites the State proved by the witness Alf Wyse as follows: ''I was with officers Bentley and Heath last Thursday night, May 9, 1919, and assisted in arresting the defendant on this charge. The defendant was at 11th and Spruce Streets, in Texarkana, Texas, at Lucy and Mary Black's home; we arrested the defendant at about 1 o'clock A. M. We had had four calls from white people residing on this street near this house complaining about people, both white and black, going and coming from this house at all hours of the night and that they were making considerable noise and disturbance, and that if we did not come out there and do something about it, that they were going to take the matter in their own hands. All of these calls were turned in to the police station the same evening between 7:00 o'clock and 12:30 o'clock and this is how come us to go out there and make the arrests. We had no complaint about this defendant, or anyone in particular.'' Further this witness says: ''I have seen the defendant several times at places where I was told gambling was going on, but have never arrested him for gambling, nor anyone else at these

places. All I know about the defendant gambling is hearsay.'' Further, this same witness testified: ''At the time we arrested the defendant he told us that he was working for the Martin Ice Company here in Texarkana, and the Manager of the Ice Company told me that the defendant had not worked for them for over a year.''

We are of opinion most of this testimony was not admissible. It was hearsay, and so stated by the witness to be. The court should have excluded all of the hearsay testimony upon objection of the defendant. What the Martin Ice Company told the officer with reference to defendant not having worked for them at the time specified was purely hearsay. If he had not worked as they stated defendant told then he had, the Martin Ice Company people could have been brought before the court and contradicted the defendant's testimony. Their statement to the officers was not admissible in contradiction of defendant's testimony. The statements of the parties near where the black women lived and as to what was going on at the house, and that people were coming and going, white and black, into this house, and making a noise and disturbance, was not admissible, coming from the officers. It was hearsay. If those things occurred and defendant was connected with them, the people living there who made the complaint should have been brought before the court and testified to the facts. The officers should not have been permitted to tell the court or jury, or both, the hearsay statements of those people. We think this testimony was of such nature that it ought not to have been permitted to go to the jury, and appellant's exceptions should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*